United States District Court
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Ana Teresa Pimentel,<br>Defendant. | )<br>)<br>)<br>)  Criminal Case No. 19-20229-CR-Scola<br>)<br>)<br>) |

### **Order Denying Motion for Release**

Now before the Court is the Defendant Ana Teresa Pimentel's motion to transfer the Defendant to home confinement to protect her from the Coronavirus. The Court construes her motion as a motion for compassionate release pursuant to 18 U.S.C. § 3582,[1] and it **denies** her motion (**ECF No. 195**) because she has not exhausted her administrative rights. She has not filed a request with the Federal Bureau of Prisons ("BOP") and then waited 30 days with now action by the warden; nor has she appealed the denial of her request. And, she failed to demonstrate extraordinary and compelling circumstances warrant her release.

First, Pimentel's motion fails because she did not file an administrative request with the BOP. Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ." 18 U.S.C.A. § 3582(c)(1)(A). Here, in Pimentel's reply, she states that she sent a letter to the Warden Kathy Lane at Coleman on April 20, 2020. But, thirty days have not lapsed since this letter's receipt; nor has Pimentel appealed the letter. (ECF No. 198 at 1.) The motion can be denied on this basis.

Second, Pimentel's motion fails on the merits because she has not demonstrated that extraordinary and compelling reasons warrant the requested reduction in her sentence. Pimentel is a 48-year-old inmate with scoliosis,

---

[1] The Court notes that, generally, the decision to transfer a prisoner to home confinement is solely within the discretion of the BOP and the Attorney General. *See United States v. Phillips*, 2020 WL 1033400, *2 (S.D. Fla. March 2, 2020) (Bloom, J.). Section 3582(c)(1)(A)(i) is a mechanism that provides the Court the opportunity to reduce the term of imprisonment upon a showing that "extraordinary and compelling reasons warrant such a reduction."

hypertension, and hyperlipidemia. (ECF No. 195-3.) Although these conditions could conceivably put Pimentel at a greater risk of succumbing to the coronavirus, these common conditions do not warrant her release after completing approximately 15% of her sentence. *But see, United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.)_(granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence). Many inmates suffer from scoliosis, hypertension, hyperlipidemia, or a similarly-severe condition, but this does not entitle them all to release. Attorney General William Barr's memo urging the release of particularly vulnerable inmates is not a get-out-of-jail-free card for every incarcerated person. *See* Memorandum from the Attorney General (Apr. 3, 2020). Pimentel does not have severe medical conditions that place her at a high risk of contracting a severe case of Covid-19, and, because she is under 50-years-old, her risk of catching a severe case is diminished.[2] In sum, Pimentel's medical conditions are not severe enough to constitute "extraordinary and compelling" circumstances that warrant her release after completing only five and a half months of her 36-month sentence, and, therefore, her motion is denied. Moreover, it appears as though Coleman is providing as safe an environment as possible at this time because it is screening inmates and staff for coronavirus symptoms, suspending visitation, limiting the movements and transfers of inmates, providing masks to inmates, and implementing other precautionary procedures. (Gov's Resp., ECF No. 197 at 4.)

Therefore, for the reasons set forth above, and after considering the § 3553 factors, the Court **denies** Pimentel's motion to transfer the Defendant to home confinement to protect her from the coronavirus (**ECF No. 195**).

**Done and ordered** at Miami, Florida, on April 27, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

---

[2] Center for Disease Control and Prevention, *Coronavirus Disease: People who are at higher risk for severe illness*, updated April 15, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (people over the age of 65 are at high-risk of severe illness from Covid-19).